NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA SKEEN and LAURIE FREEMAN, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; BMW (U.S.) HOLDING CORP., a Delaware corporation; and BAYERISCHE MOTORENWERK AKTIENGESELLSCHAFT, a foreign corporation,<br><br>    *Defendants*. | **OPINION AND ORDER**<br><br>Civ. No. 2:13-cv-1531-WHW-CLW |
| PATRICIA CURRAN, on behalf of herself and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; BMW (U.S.) HOLDING CORP., a Delaware corporation; and BAYERISCHE MOTORENWERK AKTIENGESELLSCHAFT, a foreign corporation,<br><br>    *Defendants*. | Civ. No. 2:13-cv-4625-WHW-CLW |

**Walls, Senior District Judge**

On February 18, 2014, Plaintiffs moved for the appointment of the firms Khorrami Boucher Sumner Sanguinetti, LLP, Cafferty Clobes Meriwether & Sprengel LLP, and Markun Zusman Freniere Compton LLP as Interim Co-Lead Class Counsel, with Pinilis Halpern, LLP as

1

NOT FOR PUBLICATION

Interim Liaison Counsel. All counsel appeared before the court on April 29, 2014, in the presence of defense counsel, to discuss their qualifications.

"[T]he determination of whether class counsel is adequate . . . is committed to a district court's sound discretion." *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 308 (3d Cir. 2010). Fed. R. Civ. P. 23(g)(1) lays out the factors a court should consider in that analysis:

> "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class."

Before a class is certified, a court "may designate interim counsel to act on behalf of a putative class." Fed. R. of Civ. P. 23(g)(3). Though the Third Circuit has not opined on what considerations should affect an appointment of interim class counsel, other courts in this district have found it appropriate to apply the same Rule 23(g)(1)(A) factors a court would consider when appointing lead counsel after certification. *See Durso v. Samsung Elecs. Am.*, Do. 12-cv-5352 (DMC), 2013 WL 4084640, at *3 (D.N.J. Aug. 5, 2013) (citing *Waudby v. Verizon Wireless Servs.*, LLC, 248 F.R.D. 173, 177 (D.N.J. 2008)).

Plaintiffs' motion and attorneys' appearances have convinced the Court that these firms satisfy the Rule 23(g) factors. The motion is granted.

April 29, 2014

/s/  William H. Walls
United States Senior District Judge

2